846 F.2d 72
Unpublished Disposition
 NOTICE: Fourth Circuit I.O.P. 36.6 states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Fourth Circuit.
METROPOLITAN LIFE INSURANCE COMPANY, Plaintiff,
v.
Ashley Diana BUTLER, a minor under the age of fourteen (14)
years, Defendant- Appellant,
Tonya Tianne McMahan, (formerly Tonya Tianne Butler), a
minor under the age of fourteen (14) years,
Defendant-Appellee,
and
Peggy Bryant Butler, Defendant.
 No. 87-1685.
 United States Court of Appeals, Fourth Circuit.
 Argued March 10, 1988.
Decided April 15, 1988.
 
 John L. Smith (Turnipseed, Holland & Smith on brief) for appellant.
 Richard H. Rhodes (Burts, Turner, Hammett, Harrison, Rhodes & Thompson on brief) for appellee.
 Before SPROUSE and ERVIN, Circuit Judges, and W. EARL BRITT, Chief United States District Judge for the Eastern District of North Carolina, sitting by designation.
 PER CURIAM:
 
 
 1
 Ashley Diana Butler appeals from the order of the district court granting summary judgment to Tonya Tianne McMahan. Both parties are infants who claim the proceeds of a life insurance policy issued to their deceased father, William Ray Butler. McMahan is the insured's daughter by his divorced wife. After her mother's divorce from the decedent and remarriage, McMahan was adopted by her stepfather. After the decedent and McMahan's mother divorced, Butler was born to decedent and his common-law wife. After the decedent and McMahan's mother divorced, but before McMahan's stepfather adopted her and before Butler's birth, the decedent named McMahan as the beneficiary of his life insurance policy. McMahan was the named beneficiary at the time of the decedent's death as she had been from the time the decedent first acquired the policy, five years previously. The decedent made no efforts to change the beneficiary of his insurance policy to provide for Butler and never indicated any desire to do so.
 
 
 2
 There is simply no evidence of any intention on the part of the decedent either to substitute Butler as a beneficiary or to have her share in the insurance proceeds. There is no way to know whether the deceased actually preferred one child over the other, or simply neglected to consider the matter. In either event, there is no ground for us to intervene.
 
 
 3
 Butler cites no authority granting the district court or this court the power to alter the terms of a life insurance contract merely because it is unfair that the decedent provided for one daughter but not the other, and we know of none. Nor does Butler demonstrate how the adoption of McMahan by her stepfather extinguishes her status as a named beneficiary of the decedent's policy.
 
 
 4
 There being no merit to appellant's argument, the judgment of the district court is affirmed.
 
 
 5
 AFFIRMED.